Edward S. Dunn Jackson County Counselor 107 W. 4th P.O. Box 247 Holton, Kansas 66436
Dear Mr. Dunn:
You request our opinion on a proposed arrangement between Jackson County and a private ambulance service operated by the Prairie Band Potawatomi Nation, whereby the County would purchase an ambulance to then be used and, if lawful, ultimately purchased by said Nation over a five year period. You describe the arrangement as a "lease purchase agreement." You indicate that you believe the intended purchase, lease, and ultimate sale serves a valid public purpose.[1] You also note that the County intends to make sure the ambulance remains the property of the County until it is properly transferred, and that it is covered by the proper insurance. However, you ask: "At the end of the 5 year period, or whatever period is selected for repayment of the ambulance, under House Bill No. 2600 that amends K.S.A. 19-211, can the County then transfer this ambulance at the end of the 5 year period, or whatever is paid for, to the ambulance service? How can this be done and comply with K.S.A.19-211?"
Various statutes provide municipalities with authority to obtain and finance the purchase of ambulances.[2] These statutory schemes generally contemplate the purchase of such vehicles for use by the municipality in question, rather than by some private entity leasing them from the county. We note that there are often restrictions upon subsequent use of funds raised pursuant to specific statutes. However, because you do not raise the issue or provide pertinent facts, we will not address whether the funds being used to purchase this vehicle are properly expended for the intended purpose. Rather, we assume that the County has and intends to use sufficient funds from appropriate sources and that the funds in question can be lawfully be used for the intended purposes.
K.S.A. 19-211 is the statute that permits county commissioners to sell county owned property and it has been previously addressed in many Attorney General Opinions.[3] The procedures described in those opinions have not been legislatively abolished by L. 2004, Ch. 77, § 1 and, where applicable, subsection (a) of that statute still requires a public bid procedure in order to sell county owned property valued at more than $50,000.[4] However, the 2004 amendment to K.S.A. 19-211 provides a new alternative methodology for disposing of county owned property exceeding that value:
 "(b) (1) In lieu of following the procedures established in subsection (a), a county commission may adopt a resolution establishing an alternate methodology for the disposal of property. Such alternate methodology for the disposal of property shall contain, at a minimum, procedures for:
"(A) Notification of the public of the property to be sold;
"(B) describing the property to be sold; and
 "(C) the method of sale, including, but not limited to, fixed price, negotiated bid, sealed bid, public auction or auction or any other method of sale which allows public participation.
 "(2) Any methodology for the disposal of property established pursuant to this subsection may contain different procedures for real property and personal property."[5]
You ask how a lease agreement, with ultimate transfer of title being completed at the end of the term, may be legally accomplished under K.S.A. 19-211, as amended. The new subsection (b) appears to allow the counties to adopt procedures that are different than those set forth in subsection (a) and allows an outright sale or lease. We believe that the resolution required by subsection (b) of the new amendment provides counties with the correct process to follow. Counties have now been authorized to create their own process for disposing of county owned property by adopting a regulation that provides for the considerations listed in that subsection and for using "any other method of sale which allows public participation." Thus, in order to comply with the above referenced amendment to K.S.A. 19-211, and before following through with the intended disposition of the property in question, the County must first pass a resolution establishing its alternative methodology for disposing of county owned property. The proposed resolution should, at a minimum, set forth procedures for notifying the public of the property to be sold, describing the property to be sold, and for establishing the method of sale. It should also adopt a procedure that will insure ways of providing the public with means of participation.
This brings us to the question of whether a procedure sufficiently "allows public participation" as set forth in the amendment to K.S.A.19-211.[6] This phrase was discussed in In Re Petition of Stephan[7]
and McGinnis v. Kansas City Power and Light Co.[8] These cases necessarily reviewed the facts surrounding and leading up to specific governmental decisions. In deciding if sufficient "public participation" was provided, the court looked at whether the processes involved provided "meaningful" opportunity for input by the public. Neither K.S.A. 19-211
itself nor case law interpreting the phrase "public participation" appears to require a competitive bid process. Thus, although the kind of participation required by K.S.A. 19-211 is not specifically set forth, we must presume that the "public participation" language was included to insure that at the very least the public's opinions on the proposed arrangement are sought and, if provided, considered by the County, prior to disposing of County owned property.
In summary, it is our opinion that K.S.A. 19-211(b), as amended by L. 2004, ch. 77, § 1, allows a county to sell county owned property, including an ambulance, valued at more than $50,000, without resorting to a competitive bid process, if the county adopts a resolution containing the required information and if the county follows a procedure that provides for public notice and participation in the decision making process.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] See General Bldg. Contractors, L.L.C. v. Board of Shawnee County
Commissioners, 275 Kan. 525 (2003) (the taking of private property for industrial or economic development is a valid public purpose).
[2] See, e.g., K.S.A. 12-110a, 12-110d, and 65-6118.
[3] See, e.g., Attorney General Opinions No. 97-91, 97-53, 95-44 and99-11.
[4] You do not indicate the value of the ambulance or its estimated value when the proposed transfer to the Potawatomie Nation will take place. However, we will assume for purposes of this opinion that in both instances the value will exceed $50,000.
[5] L. 2004, Ch. 77, § 1 (emphasis added).
[6] We have not been presented with the process that Jackson County intends to follow in utilizing the new language in K.S.A. 19-211, and thus, cannot address specifics.
[7] 251 Kan. 597 (1992).
[8] 231 Kan. 672 (1982).